RENDERED:  JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2026-CA-0166-ME

CHANTALEE MACADAGUM,
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE
PURPORTED CLASS                                                         APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.        HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 21-CI-01486


ERIE INSURANCE EXCHANGE                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, A. JONES, AND L. JONES, JUDGES.

CETRULO, JUDGE:  Chantalee Macadagum filed suit in the Boone Circuit Court
alleging that her insurer had violated the Kentucky Motor Vehicle Reparations Act
("MVRA") by delaying payment of basic reparation benefits, *i.e.*, personal injury
protection coverage ("PIP benefits"), to which she was entitled under her policy
following a car accident.  She sought to amend her complaint to join other

similarly situated individuals and moved to certify a class under CR[1] 23.02(b). The circuit court denied class certification, and she brings this interlocutory appeal pursuant to CR 23.06. The issues before this Court are whether the circuit court abused its discretion in ruling that the proposed class was not ascertainable; that the requirements of CR 23.01 were not met; and that the claims were not subject to class-wide adjudication under CR 23.02(b).

## STANDARD OF REVIEW

We review trial court decisions on class certification for abuse of discretion. *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430, 444 (Ky. 2018) (citing *Sowders v. Atkins*, 646 S.W.2d 344, 346 (Ky. 1983)). This means that we reverse only if the decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000)). This deferential standard reflects both the fact-specific nature of certification inquiries and "the [trial] court's inherent power to manage and control pending litigation." *Id.* (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998)). "The party seeking certification bears the burden of proof." *Summit Med. Grp. Inc. v. Coleman*, 599 S.W.3d 445, 449 (Ky. App. 2019) (citations omitted).

---

[1] Kentucky Rule of Civil Procedure.

**FACTS**

This action initially arose from an automobile accident in 2019 involving Macadagum and another driver, Samantha Iles. (Iles was dismissed from the case early in the action.) Macadagum filed suit in 2021, also seeking underinsured motorists coverage ("UIM") and PIP benefits from her insurer, Erie Insurance Exchange ("Erie"). In 2023, Erie moved to compel Macadagum to submit to an orthopedic independent medical exam ("IME"). The court ordered her to do so. Shortly thereafter, she sought to amend her complaint with class allegations, asserting that she and "other similarly situated" insureds of Erie had been deprived of PIP benefits through Erie's actions to delay payments. The proposed amended complaint also sought to add claims for bad faith and violation of the Uniform Claims Settlement Practices Act against Erie. Erie objected to the motion to amend. In April 2024, the circuit court granted the motion to amend to assert the bad faith claims, but denied the motion to amend to seek class certification. One month later, the record reflects that the parties settled all claims for bad faith, as well as the UIM claim.[2]

With only the PIP claim remaining, and discovery ongoing between Macadagum and Erie, the matter was set for trial in September 2025. In August

---

[2] On request of the parties, the court then amended its prior order to deny the motion for leave to file an amended complaint on all grounds.

2025, Macadagum again sought to amend her complaint and now moved for certification of a class, proposing that the class should include "all persons insured or otherwise covered by Eric Insurance Company, who had payment of PIP benefits stopped, delayed or pended by a PIP employee or any Erie representative absent an independent medical exam after the date of the Kentucky Supreme Court's decision in [*Government Employees Insurance Co. v. Sanders*, 569 S.W.3d 932 (Ky. 2018)]."

Erie again objected to the motion to amend and assert class allegations. After briefing and oral arguments, the circuit court again denied Macadagum's motion to amend, holding that she was unable to meet the requirements of CR 23.01, specifically the burden to demonstrate commonality, typicality, or numerosity elements. Further, the court held that even if she had satisfied the threshold requirements of CR 23.01, her proposed class did not fit within one of the frameworks of CR 23.02(b). Macadagum filed a timely interlocutory notice of appeal.

## ANALYSIS

A class action is an exception to the general rule that legal actions shall be prosecuted in the name of the real party in interest as it authorizes one or more individuals to represent the interests of a larger group. *Hensley*, 549 S.W.3d at 442 (citations omitted); CR 17.01. To obtain class certification, a plaintiff must

satisfy both CR 23.01 and 23.02. *Manning v. Liberty Tire Servs. of Ohio, LLC*, 577 S.W.3d 102, 110 (Ky. App. 2019). CR 23.01 provides the prerequisites for class certification as follows:

> Subject to the provisions of [CR] 23.02, one or more members of a class may sue or be sued as representative parties on behalf of all only if (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (d) the representative parties will fairly and adequately protect the interests of the class.

Those four prongs are usually shortened to "*numerosity, commonality, typicality, and adequacy of representation* requirements." *Hensley*, 549 S.W.3d at 442-43 (citing *Nebraska All. Realty Co. v. Brewer*, 529 S.W.3d 307, 311 (Ky. App. 2017)). If any of the four prerequisites are not met, "the circuit court must deny class certification." *Manning*, 577 S.W.3d at 111.

In addition to meeting those requirements of CR 23.01, the party seeking class certification must also establish that one of the provisions of CR 23.02 has been met. *Id.* In this case, Macadagum relied upon CR 23.02(b), arguing that Erie, as "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]" CR 23.02(b).

Here, the circuit court went through each of the four prongs and specifically found that, although the representative parties would fairly and adequately protect the interests of the class (*i.e.*, the adequacy of representation requirement), Macadagum had not met her burden of demonstrating the numerosity, commonality, or typicality requirements of CR 23.01. Accordingly, we first address those three requirements and Macadagum's arguments on appeal.

**A. Numerosity**

"The numerosity [requirement] requires that the class be so numerous as to make joinder of all members impractical. 'There is no strict numerical test for determining impracticability of joinder.'" *Manning*, 577 S.W.3d at 112 (first citing CR 23.01, and then quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)). Courts cannot rely upon speculation as to the proposed representatives, and plaintiffs are required to show some evidence to reasonably estimate the number of class members. Here, relying upon the deposition testimony of a claims adjuster for Erie, Macadagum argued that the number of class members could easily exceed several hundred. In particular, the adjuster testified that caseloads for PIP adjusters during her time at Erie were between 65 and 100, and she recalled approximately four to five adjusters in her unit. Therefore, Macadagum claimed that the class would include every single one of

Erie's insureds who had sought PIP benefits during the same period of time, estimating that number to be approximately 260.

The circuit court found this estimation fundamentally flawed. As it noted, just because an individual sought PIP benefits around that same time period does not mean that all who sought benefits were denied or delayed. Furthermore, as the circuit court noted, Macadagum was relying upon the testimony of a claims adjuster who also testified that there was no such policy of denying or delaying payments of PIP benefits until after an IME was obtained. Macadagum did not identify any other individual who was similarly situated to her, and it would be speculative to determine the number of people who were or might have been similarly situated. Further, the numerosity analysis must focus on the *impracticability of joinder*. *Hensley*, 549 S.W.3d at 446 (citing CR 23.01(a)). Here, Macadagum did not demonstrate that joinder was impracticable, except to the extent that she did not name any other potential class member.

"The substantive nature of the claim, the type of class suit, and the relief requested [all] bear on how expansive a definition of the class will be allowed and, accordingly, on the necessary showing of numerosity in relation to impracticability of joinder." *Sowders v. Atkins*, 646 S.W.2d 344, 346 (Ky. 1983) (citation omitted). While we do not look to the merits of a claim in addressing an appeal from a denial of class certification, we do look at whether the court below

has addressed each of the prerequisites within the factual issues before it. Here, the circuit court did address numerosity and found that it was lacking based on the evidence before it. We find no abuse of discretion in the circuit court's numerosity conclusion.

**B. Commonality**

Commonality is the requirement that questions of law or fact are common among the class members. CR 23.01(b). Accordingly, a plaintiff must establish that the class members "have suffered the same injury[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, "their claims must depend upon a common contention[,]" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

What is important to the commonality inquiry is not simply that common questions exist in the class, "but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.REV. 97, 131-32 (2009)). While "CR 23.01(b) requires that there must be questions of law or fact common to the class, . . . it does

not require that all questions of law or fact be common." *Wiley v. Adkins*, 48 S.W.3d 20, 23 (Ky. 2001). Moreover, CR 23.02(c) requires that questions common to the class members must "predominate over the questions which affect individual members." *Id.* Likewise, the facts between members need not be completely identical "as long as there is a common nucleus of operative facts." *Id.* Further, "even if 'some individualized determinations may be necessary to completely resolve the claims of each putative class member . . . those are not the focus of the commonality inquiry.' What is important to the inquiry is whether 'the defendant's conduct was common as to all of the class members.'" *Nebraska All.*, 529 S.W.3d at 312 (alteration in original) (quoting *In re Cmty. Bank of No. Virginia Mortg. Lending Pracs. Litig.*, 795 F.3d 380, 399 (3d Cir. 2015)).

Below, the circuit court addressed this requirement as follows:

> [Macadagum]'s proposed amended complaint sets forth two proposed common questions: (a) "[w]hether [Erie] is subject to and failed to comply with the requirements of the Kentucky [MVRA], set forth in [KRS[3]] 304.39-030"; and (b) [w]hether [Erie]'s actions and omissions are in violation of [Macadagum]'s and class members' rights under the [MVRA]." As [Erie] posits, these questions are remarkably broad, as any number of dissimilar violations of the MVRA can be imagined. However, when read in conjunction with her proposed class definition, [Macadagum] is clearly focused on the narrower question of whether [Erie] impermissibly delayed and denied PIP payments to proposed class members under the MVRA. This question, while more fit to satisfy the requirements of

---

[3] Kentucky Revised Statute.

-9-

commonality than the two she advances in her proposed pleading, is still insufficient for reasons related to those that imperil ascertainability; adjudication of her claim will not necessarily yield the same result as the adjudication of her purported class member claims. To obtain full recovery of the exclusive remedies available under the MVRA, [Macadagum] will need to individually demonstrate that her medical expenses were causally related to her 2019 accident. KRS 304.39-210(1)-(2); KRS 304.39-020(2). Further, to obtain the maximum interest for any overdue payments [Macadagum] will also need to prove that Erie's delay in payment was "without reasonable foundation." *Id.* Even if [Macadagum] prevails on these issues, the same factual inquiry must be replicated with each individual class member. Accordingly, whether [Macadagum] prevails on her individual claim, and to what extent, will not resolve the same questions concerning the success or failure of the other class member's claims. Under these circumstances, her claim does not satisfy the commonality or typicality requirements of CR 23.01.

On appeal, Macadagum argues that the common issue of law applicable to all members of the class is straightforward: whether Erie's practice and policy of authorizing adjusters to deny or delay payment of claims beyond the 30-day statutory period based on a paper review, without first obtaining an IME, violates the MVRA. She asserts that these are the same issues that were litigated and determined as a class action in *Sanders*, 569 S.W.3d 923, making that case dispositive precedent.

In contrast, Erie points out that *Sanders* offers no analysis at all regarding the propriety of a class action based on alleged violations of the MVRA.

Erie is correct. While *Sanders* addressed the insurance company's obligations to investigate claims under the MVRA, the circuit court in that case issued an order both certifying a class but also granting summary judgment to the insurer. *Id.* at 924. It was only the issuance of the summary judgment in favor of the insurer that was appealed by the plaintiffs. *Id.*

Our Supreme Court's opinion in *Sanders* did not discuss at all whether the plaintiffs' alleged class satisfied the CR 23.01 requirements that are in issue in this appeal. It is not even apparent from that opinion what grounds were asserted below for the class certification. While we understand the similarities of the underlying arguments here with those presented in *Sanders*, we cannot agree that *Sanders* supports Macadagum's position that class certification was improperly denied. To the contrary, it simply provides no guidance at all on the analysis of certification of a class under CR 23.01 and CR 23.02. *Sanders* dealt solely with interpretation of the MVRA statute and required a *de novo* review of the summary judgment granted in favor of the insurer. *Id.* at 925.

In contrast, we have an abuse of discretion review of a denial of class certification by a court that carefully and comprehensively addressed each of the requirements of CR 23.01 and CR 23.02. We find no abuse of discretion in the circuit court's conclusion that Macadagum was unable to meet her burden of establishing commonality. Contrary to Macadagum's assertion regarding the

-11-

adjuster's testimony, we do not agree that the evidence was uncontradicted that Erie had a policy of denying payments without an IME. As the circuit court here noted, having reviewed all of the testimony, the adjuster confirmed that it was Erie's policy to pend payments and review and investigate, but she also denied that any policy existed to permit the denial of a claim based on a paper review alone, without an IME – the conduct prohibited by *Sanders*. *See id.* at 929.

The trial court must undertake a "rigorous analysis" to determine whether the prerequisites have been satisfied. *Nebraska All.*, 529 S.W.3d at 316. This analysis requires a "probe behind the pleadings" often touching upon the merits of the proceeding. *Id.* (quoting *Dukes*, 564 U.S. at 350-52). The trial court here performed such an analysis. However, on appeal, we limit our analysis to the narrow question of whether, as a procedural matter, the trial court properly declined to certify the class action. In accordance with *Hensley*, we "scrupulously respect the limitations of the crossover between (1) reviewing issues implicating the merits of the case that happen to affect the class-certification analysis and (2) limiting our review to the class-certification issue itself." 549 S.W.3d at 436. We find no abuse of discretion in the trial court's ruling that commonality did not exist.

## C. Typicality

As evidenced, typicality and commonality often overlap in the class certification analysis. Regarding typicality, Macadagum contends that her claims

arise from the same course of conduct that could give rise to claims of others, *i.e.*, Erie's "policy" of delay and/or denial of claims without an IME. Erie argued that adjudication of Macadagum's claim would *not* necessarily yield the same result as the adjudication of others purportedly within the class and was, therefore, not typical of the class she sought to represent. The circuit court agreed, again looking at the provisions of the MVRA and the remedies available thereunder. The court noted that the remedy for a violation provides for higher interest for overdue payments, but the statutes also explicitly require that an insurer's delay be "without reasonable foundation." *See Foster v. Kentucky Farm Bureau Mut. Ins. Co.*, 189 S.W.3d 553, 557 (Ky. 2006). Even if Macadagum prevails, this inquiry into the reasonableness or foundation for denial or delay would have to be replicated across the entire class to adjudicate each member's claim for remedies.

In contrast, we look to *Summit*, 599 S.W.3d 445, where we affirmed the circuit court's holdings that the commonality and typicality requirements for a class certification were met. In *Summit*, the plaintiff sought class certification against a medical practice for engaging in "deceptive or misleading billing practices in violation of the Kentucky Consumer Protection Act [KCPA]" by charging an "office fee" in addition to preventative exam bills without informing its patients. *Id.* at 447-48. On appeal, the medical practice challenged the trial

court's holding that the plaintiff satisfied the typicality requirement, asserting that the plaintiff's claim was "not typical of the class" based on the following:

> (1) [Plaintiff] had a long history as a patient and had notice of the billing practices; (2) [plaintiff] (but not perhaps all patients) had signed an authorization for payment; (3) there was conflicting evidence of record concerning the typicality of discussions among physicians and patients regarding the possibility of additional charges and patient responsibility for same; (4) not all class members' insurance policies were the same; (5) not all class members have typical KCPA claims; and (6) some claimants have had satisfactory resolutions to their complaints.

*Id.* at 450.

Before addressing these arguments, this Court reiterated "that the focus when resolving the typicality issue should be on whether all claims were 'based on the same legal theory[.]'" *Id.* at 450 (quoting *Hensley*, 549 S.W.3d at 448). We held that the trial court's typicality analysis comported with that tenet: it found that the plaintiff and the class members were charged with what amounted to a "service fee" in addition to their treatment bills; the medical practice coded this fee in a uniform manner; and the patients were left with an out-of-pocket balance. In short, the trial court found that all were similarly damaged by the same billing policy. *Id.* Accordingly, we found that the trial court did not abuse its discretion. *Id.*

Here, evaluating each class member's entitlement to PIP benefits and whether the benefits have been delayed or denied, and *if* so, whether that was done "without reasonable foundation" would require the court to conduct mini-trials with respect to each member's claims. Whether Macadagum prevails on her own claim has no bearing on the success or failure of other putative class members.

In *Manning*, this Court upheld the denial of a motion for class certification where the trial court found movants had failed to demonstrate that "common questions [would] predominate over individual issues." 577 S.W.3d at 118. In that case, tires located at a recycling facility caught fire and burned for more than two days. *Id.* at 108. The purported class were residents within a one-mile radius. *Id.* at 110-11. The circuit court found that the claims of the representatives were not "typical" of other members of the class. On appeal, this Court found that determination to be an abuse of discretion. *Id.* at 115. Nonetheless, we upheld the denial of class certification because failure to satisfy any one prong is fatal to formation of the class. Further, as here, the trial court in *Manning* found that while there might be common issues of law, there would be numerous questions that must be answered on an individualized basis relating to causation, impact, and damages. *Id.* at 117. Having reviewed the circuit court's analysis of the issue, we find no abuse of discretion here in the court's holding that typicality was not met. Again, the circuit court conducted the "rigorous analysis"

-15-

required, which necessarily includes some overlap with the merits of the plaintiff's underlying claim. *Nebraska All.*, 529 S.W.3d at 316. Detailed factual findings and legal conclusions were provided.

### D. CR 23.02

This brings us to Macadagum's failure to satisfy the criteria of CR 23.02. As noted, she was required to prove, in addition to all four prerequisites of CR. 23.01, that the proposed class fits within the framework of CR 23.02(b). The rule authorizes actions in which the party opposing certification has acted on grounds generally applicable to the class, making injunctive or declaratory relief available to the class as a whole. CR 23.02(b). In *Wal-Mart Stores, Inc. v. Dukes*, the Court analyzed claims brought under this section and explained that the conduct must be such that it can be enjoined or declared unlawful only as to *all of the class members*, or as to none of them. 564 U.S. at 360. The Rule does not permit class certification when each individual class member "would be entitled to a different injunction or declaratory judgment against the defendant." *Id.*

In addressing this provision, the circuit court referenced the fact that CR 23.02(b) is explicitly limited to cases in which injunctive or declaratory relief is available. As noted earlier, the MVRA provides the exclusive remedy for claims such as this, and that remedy is monetary. *See* KRS 304.39-210 (setting out the remedies for failure to pay PIP benefits when owed). The circuit court found that

this prevented Macadagum's claim that the requested relief was injunctive rather than monetary.

Further, the circuit court found that it could not determine that Erie had "acted or refused to act on grounds generally applicable to the class[.]" CR 23.02(b). Referring again to the claims adjuster's testimony, the trial court did not agree that the testimony conclusively established a policy that contravened the terms of the MVRA. *See Gardner v. Geico Gen. Ins. Co.*, No. 2022-CA-000306-ME, 2023 WL 3398188 (Ky. App. May 12, 2023) (nonpublished)[4] (in which this Court analyzed the effect of *Sanders*, but noted distinctions that supported the grant of summary judgment in favor of Geico).

On appeal as to this ruling, Macadagum again argues that *Sanders* is dispositive because the effect of the Supreme Court's holding in that case was to find the practice of that insurer, Geico, to be a violation of the MVRA and then to apply that decision to the entire class. Appellant asserts that the plaintiffs in *Sanders* also sought declaratory and injunctive relief.

Again, while we are cognizant of the similarities in this case with the class that was permitted by a trial court in *Sanders*, nothing in the Supreme Court's opinion directly addressed the issue presented in this appeal, *i.e.*, whether the trial court's class certification ruling was an abuse of discretion. That was simply not

---

[4] Non-binding and cited pursuant to Kentucky Rule of Appellate Procedure ("RAP") 41.

an issue in that appeal. Macadagum asserts in her brief that "nothing in the Supreme Court's decision would prevent injunctive relief" to enforce provisions of the MVRA. Likewise, nothing in the Supreme Court's opinion provides the support needed for Macadagum's position.

In *Hensley*, our Supreme Court held that CR 23.01 and CR 23.02 should be interpreted consistently with their federal counterparts. 549 S.W.3d at 436. It is well established that Kentucky courts rely upon federal caselaw when interpreting a Kentucky rule of procedure that is similar to its federal counterpart. *Nebraska All.*, 529 S.W.3d at 311. As Erie points out, there is federal caselaw similarly limiting an aggrieved party to the remedies provided by the MVRA. *See Pedroso v. State Farm Mut. Auto. Ins. Co.*, No. 3:21-CV-540-CHB, 2023 WL 2587492 (W.D. Ky. Mar. 21, 2023) (dismissing claims for declaratory and injunctive relief under the MVRA); *Byrd v. Progressive Direct Ins. Co*, No. 3:20-CV-119-DJH-CHL, 2021 WL 1225961, at *3 (W.D. Ky. Mar. 31, 2012) (dismissing declaratory judgment claims as the MVRA provides the exclusive remedy for failure to pay PIP).[5]

Here, the Boone Circuit Court conducted a thorough analysis of CR 23 and rendered a decision that comports with our established precedent in

---

[5] RAP 41.

such cases.  Contrary to Macadagum's position, *Sanders* simply does not provide the authority required to reverse the circuit court's ruling.

## CONCLUSION

Finding no abuse of discretion, we AFFIRM the Boone Circuit Court's order denying class certification.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Colby B. Cowherd
Michael A. O'Hara
Crestview Hills, Kentucky

BRIEF FOR APPELLEE:

Mark A. Osbourn
Louisville, Kentucky

Marjorie A. Farris
Frederick R. Bentley III
Louisville, Kentucky